# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DESMOND HARRIS,**

    **Plaintiff,**

  v.                                    Case No. 21-CV-05

**SUSAN PETERS and**
**HANNAH UTTER,**

    **Defendants.**

---

### ORDER SCREENING THE COMPLAINT

---

On January 4, 2021, plaintiff Desmond Harris, an inmate confined at Green Bay Correctional Institution (GBCI) who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his medical needs when they failed to treat his painful rash. (ECF No. 1.) Harris has paid the full filing fee. The case is now before me for screening of his complaint.[1]

    1.    *Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Harris was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer

---

[1] The court has jurisdiction to screen the complaint in light of Harris' consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

2

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

    2.   *Harris' Allegations*

Harris alleges that on October 28, 2020 he was scheduled to be seen by an advanced care provider in the health services unit (HSU) "for a very painful breakout rash of some kind within [his] body." (ECF No. 1, ¶ 8.) Harris was then notified that his appointment was rescheduled to November 11, 2020. (*Id.*)

On November 11, 2020, while housed in the segregation unit, Harris asked Correctional Officer Yang (not a defendant) if he had an appointment with HSU that day. (*Id.*, ¶ 9.) Yang told Harris he believed the appointment had been rescheduled again, but he needed to confirm with HSU. (*Id.*) Yang did not get back to Harris that day. (*Id.*) Harris states he did not see anyone in the HSU on November 11, 2020.

The next morning, November 12, 2020, Harris saw Yang again and asked him why he did not get back to him about his HSU appointment. (*Id.*, ¶ 10.) Yang told him that an HSU staff member whose name Yang could not recall told him that defendant Nurse Susan saw Harris for his skin rash on November 11, 2020. (*Id.*) Harris told Yang that he did not go to HSU that day, and Yang "agreed that he does not recall [Harris] being seen" by HSU. (*Id.*, ¶ 11.) Yang instructed Harris to file an inmate complaint. (*Id.*) This was the third inmate complaint Harris filed regarding HSU failing to treat his skin rash. (*Id.*, ¶ 12.) Harris notes that his skin rash is painful, itchy, and interfering with his ability to sleep. (*Id.*)

3

Harris also wrote an HSU request on November 12, 2020, stating that he was not seen for his skin rash in the HSU on November 11, 2020. (*Id.*, ¶ 13.) Nurse Steven Bost (not a defendant) responded on November 13, 2020 that Nurse Peters saw Harris for his skin rash on November 11, 2020 at 12:44 p.m. (*Id.*, ¶¶ 13-14.) Harris believes that Peters falsified the HSU records to show that she had seen him on November 11. (*Id.*, ¶ 16.) He also states that defendant Health Services Manager Hannah Utter allowed Peters to create false records. (*Id.*, ¶ 1.) He has filed an inmate complaint asking for the segregation unit video camera that will show Harris did not go to the HSU on November 11. (*Id.*, ¶ 17.)

As of the filing of his complaint, Harris' skin condition appears to still be untreated. He alleges that his "condition[] is getting worse , and [he] is in extreme pain that he is being left to suffer with such a breakout throughout his entire body, that he cannot do anything but cry because of the pain and itching, scratching, and bleeding." (*Id.*, ¶ 15.) Harris seeks $100,000 in damages. (*Id.* at 6.)

3. *Analysis*

A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person

4

would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). At this stage, Harris sufficiently alleges that his painful skin rash is an objectively serious medical condition.

A prison official is deliberately indifferent where she "knows of a substantial risk of harm to an inmate and 'either acts of fails to act in disregard of that risk.'" *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). "Delaying treatment may constitute deliberate indifference if such delay 'exacerbated the injury or unnecessarily prolonged an inmate's pain.'" *Id.* (quoting *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Harris may proceed on an Eighth Amendment claim of deliberate indifference to a serious medical need against Nurse Peters. He alleges she was aware of his skin condition and took proactive steps to avoid treating him such as fabricating records of an appointment on November 11, 2020. He further alleges that her failure to treat him has caused his condition to worsen and prolonged his pain.

5

However, he may not proceed on a claim against Hannah Utter. Harris alleges that Utter was Peters' supervisor. Supervisors can be held liable for constitutional violations caused by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Harris states only that Utter knew about Peters' decision to alter the HSU records to falsely reflect that she had seen him on November 11, but he does not provide any details on to how she would know that. While courts are to liberally construe *pro se* plaintiffs' complaints, courts cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Twombly*, 550 U.S. at 570. Because Harris fails to state a claim against Utter, she is dismissed.

**THEREFORE, IT IS ORDERED** that Hannah Utter is **DISMISSED.**

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Nurse Susan Peters. It is **ORDERED** that, under the informal service agreement, Peters shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

6

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Harris is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Harris is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Harris' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Harris may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 12th day of February, 2021.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge